IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| Edward A. Rochford, | ) | |
|     Plaintiff, | ) | Case No. 8:12-CV-218 |
| | ) | |
| v. | ) | **COMPLAINT AND DEMAND** |
| | ) | **FOR JURY TRIAL** |
| Enhanced Recovery Company, LLC | ) | |
| | ) | |
|     Defendant | ) | |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Edward A. Rochford (hereinafter "Plaintiff") is a natural person who resides in the City of Omaha, County of Douglas, State of Nebraska, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Enhanced Recovery Company (hereinafter "Defendant") is a collection agency with an address of 8014 Bayberry Road, Jacksonville, FL 32256, which regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Verizon Wireless (hereinafter "Verizon").

-1-

7. The debt that Plaintiff allegedly owed Verizon was for Plaintiff's mobile telephone account with Verizon. Said account was for the personal use of Plaintiff and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

### Defendant Calls Plaintiff's Father

9. Defendant initiated a phone call on December 2, 2011, to Plaintiff's father, who is also named "Edward Rochford".

10. During the aforementioned phone call, Defendant asked Plaintiff's father if he was "Edward Rochford". He stated that he was. Defendant then went on to tell Plaintiff's father the details of the alleged debt owed by Plaintiff, including the name of the creditor and how much was owed.

11. Plaintiff's father told Defendant that he never had a Verizon account. Defendant then recited Plaintiff's social security number to his father, asking him if this was his social security number. Plaintiff's father told Defendant that it was not his social security number. At that point Plaintiff's father told Defendant that Defendant was probably trying to contact Plaintiff.

12. Arrangements were made between Defendant and Plaintiff's father for the father to give a message to his son the Plainttiff. Plaintiff's father called the Plaintiff the same day of the call and left a message on his answering machine, telling his son that he

-3-

received a call from Defendant and that he (the Plaintiff) had an outstanding debt. Plaintiff's father was irritated and upset with Plaintiff for having a delinquent debt and expressed this to the Plaintiff. Plaintiff was embarrassed and humiliated that his father was informed of Plaintiff's debt by Defendant.

13. The above described collection communication made to Plaintiff's father by the Defendant were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(b), 1692d, 1692f, amongst others.

### Mailing Dunning Letter to Plaintiff's Father

14. Prior to December 2, 2011, and on multiple occasions prior thereto, Verizon sent billing statements to Plaintiff at his residential mailing address relative to the debt he allegedly owed to Verizon.

15. As a result, upon information and belief, prior to December 2, 2011, Defendant was aware of Plaintiff's residential mailing address.

16. On or about December 2, 2011, notwithstanding Defendant's awareness of Plaintiff's residential mailing address, Defendant proceeded to mail a dunning letter regarding the Verizon debt to Plaintiff's father's residential address. Plaintiff's father is named "Edward Rochford".

17. The aforesaid dunning letter included all details of the alleged debt, including the original creditor and how much was allegedly owed.

18. At no point in time has Plaintiff ever resided at his father's current home.

19. Approximately a week after the previously mentioned phone call, Plaintiff's father received the aforementioned dunning letter. Plaintiff's father opened the envelope and read the contents thereof.

20. After receiving the letter, Plaintiff's father contacted Plaintiff and gave it to him. Plaintiff was embarrassed and humiliated that his father was notified of Plaintiff's debt to Defendant.

21. The above described collection communication made to Plaintiff's father by the Defendant were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(b), 1692d, 1692f, amongst others.

## TRIAL BY JURY

22. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

25. As a result of the Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendant for:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against the Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

Dated: June 25, 2012         Edward A. Rochford, Plaintiff

By: /s/ Burke Smith
Burke Smith, #19883
10730 Pacific Street, Ste. 213
Omaha, NE 68114
Tel. (402) 718-8865
Fax (402) 218-4391
burke@burkesmithlaw.com

**Attorney for Plaintiff**